UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CHAD WILLIAM REED,

    Plaintiff,

vs.

RON LINDSEY, TAYLOR WILLIAMS,
TASHA PARKER, LEO BROWN,
AND THE OKLAHOMA DEPT.
OF CORRECTIONS,

    Defendants.

FILED
NOV 08 2023
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT. WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CIV-23-1011-F
Civil Rights Complaint
Pursuant to 42 U.S.C. § 1983
(Jury Trial Demanded)

## PETITION

Comes now the Plaintiff Chad William Reed and would state to the court the following:

### JURISDICTION

1. The Court has Jurisdiction over Plaintiff's claims of Federal Constitutional Rights under 42 U.S.C. § 1331 and 1343, and the Court also has Jurisdiction over Plaintiff's Claims under The Religious Land Use and Institutionalized Persons Act 42 U.S.C.§2000cc-1 through5 (RLUIPA)

2. The Court has Supplemental Jurisdiction over Plaintiff's State Constitutional Claims under 28 U.S.C. §1367, and his State claims of Violation of the Oklahoma Religious Freedom Act 51 O.S. § 251.

### PARTIES

3. Plaintiff Chad Michael Reed was and is a resident of Oklahoma. And was incarcerated at Lexington Assessment and Reception Center (L.A.R.C.) in Lexington, Oklahoma when these events took place.

4. Chaplin Tron Lindsey was and is a resident of Oklahoma and employed by the Oklahoma Department of Corrections (O.D.O.C.) as the Chaplin at L.A.R.C. He was acting under color of the Law, and he is being sued in his individual capacity for compensatory and punitive damages and in his official capacity for injunctive relief and also for declaratory judgment and nominal damages.

5. Food services Supervisor Taylor Williams is a resident of Oklahoma and is employed by the Oklahoma Department of Corrections (O.D.O.C.) as the Head Food Services Supervisor at L.A.R.C. She was acting under color of the Law, and she is being sued in her

(1)

individual capacity for compensatory nominal, and punitive damages and in her official capacity for injunctive relief and also for declaratory judgment.

6. Deputy Warden Tasha Parker was and is a resident of Oklahoma and employed by the Oklahoma Department of Corrections (O.D.O.C.) as the Deputy Warden at L.A.R.C. She was acting under color of the Law, and she is being sued in her individual capacity for compensatory and punitive damages and in her official capacity for injunctive relief and also for declaratory judgment and nominal damages.

7. Chaplin Leo Brown was and is a resident of Oklahoma and employed by the Oklahoma Department of Corrections (O.D.O.C.) as Head of Religious Services at L.A.R.C. He was acting under color of the Law, and he is being sued in his individual capacity for compensatory and punitive damages and in his official capacity for injunctive relief and also for declaratory judgment and nominal damages.

## COUNT 1 - 2023 FAST OF ESTHER

8. March 3, 2023, Plaintiff spoke with Chaplin Lindsey and showed him that Plaintiff had a day of Fasting coming up for his Jewish religion called the Fast of Esther. It would be starting on March 6, 2023, at 5:28 a.m. and ending at 6:50 p.m.

9. Plaintiff requested a "Memo" which would give permission to receive a sack meal and take it from the Chow Hall to his unit, because removing food from the Chow Hall is strictly against the rules. Defendant Lindsey stated "No, I'm not going to do that" Plaintiff explained Policy OP-070202 (See attached "A") which clearly gives Plaintiff the right to receive the food and to take it to his unit for later consumption when his fast ends to which Chaplin Lyndsey responded, "I don't care" and "It's always something with you Jews"

10. On March 6, 2023, Plaintiff was forced into a "Hobsons Choice" of starving or eating before his fast was up. or practice his religion. Plaintiff had to eat out of hunger during his religious fast.

11. A week later Chaplin Linsey made a Memo for the Islamic community, so they could take food out of the Chow Hall to their units so they could eat after completing their fasting for "Ramadan".

12. Defendant Lindsey clearly showed religious animosity and discrimination by giving the Islamic Community what they needed for their religious fasting but chose to discriminate and deny equal treatment of O.D.O.C. policy OP-070202 (Attachment "A"). "Kosher and Halal Food Preparation and Serving," which clearly states the right to receive a Breakfast Meal for Jewish Inmates as well during Jewish fast.

13. Defendant Lindsey's actions caused the Plaintiff to be placed into a "Hobson's Choice" by refusing to follow O.D.O.C. policy by making sure Plaintiff had something to eat when he broke his fast. Therefore, violating Plaintiff's First Amendment Rights to Practice his Religion of Judaism when he had to break his fast before time was up.

14. Defendant Lindsey also caused a State Constitutional violation under OK Const. Art.1§2.

## INJUNCTIVE RELIEF UNDER RLUIPA AND OKLAHOMA RELIGIOUS FREEDOM ACT

15. Plaintiff Requests Injunctive Relief Under the RLUIPA, 42 U.S.C 2000, to order the O.D.O.C Chaplin Lindsey to place into their policy specific wording to recognize this Plaintiff fast days for Judaism so this substantial burden does not happen to Plaintiff in the future.

16. Plaintiff requests Injunctive Relief under the Oklahoma Religious Freedoms Act (ORFA) 51○5251 and declaratory relief and monetary damages under ORFA, section 51○5256 (A) and (B) so that a substantial burden will not be placed on Plaintiff religion of Judaism in the future.

## VIOLATION OF EQUAL TREATMENT AND DISCRIMINATION IN VIOLATION OF THE 14TH AMENDMENT

17. Defendant Lindsey's action violated the equal treatment clause of the 14th Amendment when he discriminated against Plaintiff's Religion of Judaism, by making arrangement for the religion of Islam to receive food to break their fast during the month of Ramadan, but not for Judaism's fast for Easter by denying equal treatment of O.D.O.C policy OP-070202- Attachment A which creates a right to a breakfast meal for Jews and Muslims. Religion is a protected suspect class and defendant Lindsey's actions violated the 10th Circuit's ruling in _Ashaheed v Currington_, 7F4th 1236 (10th Cir 2021).

## COUNT 2 – PASSOVER 2023 FEAST OF UNLEAVENED BREAD

18. During Passover 1 feast of unleavened bread Plaintiff was fed foods which were not Kosher for Passover. Plaintiff has a right under the First Amendment to a Religious diet that Conforms to his sincerely religious beliefs. See _BeerHeide v Suthers_, 286 F.3d 1179,1185 (10th Cir. 2002) (First Amendment) and _Adulhaseed v Calbone_, 600F.3d 1301,1314-15 (10th Cir. 2010) (RLUIPA).

19. Plaintiff was fed a breakfast cereal (Coco puffs) unto which was made from whole grain corn, corn meal, and has a leavening agent of Baking Soda in it. Now corn is a grain that may not be eaten during Passover/ feast of unleavened bread, and baking soda is also not allowed during Passover/feast of unleavened bread because you cannot eat anything leavened during Passover and baking soda is a leavening agent.

20. Plaintiff was also fed peanut butter at breakfast as a protein source. Peanut butter is a legumes, which is a grain that is not allowed to be eaten during Passover.

21. Plaintiff was also served salad, Kool aid packets and butter that were Kosher but not Kosher for Passover. As Rabbinical law requires everything eaten and drank during Passover must

(3)

be Kosher for Passover and have the appropriate Kosher for Passover symbol on its packaging.

22. Plaintiff Immediately told Food Service Supervisor Taylor Williamson that the serving of these foods on the morning of April 6th, 2023, was a violation of Passover rules according to the Code of Jewish Law. Mrs. Taylor said she had to serve what they told her to serve.

23. Plaintiff also told Deputy Warden Tasha Parker that the afternoon of April 6th, 2023, that the food being served during Passover was not Kosher for Passover. D.W. Parker Stated that "Us not getting this right can get us sued" and "We have the right "around the 7th or 8th of April, 2023 yet F.S.S Taylor Williamson and Deputy Warden Tasha Parker continued to knowingly serve food that was not Kosher for Passover/feast of unleavened bread which was a violation of the Plaintiff's 1st Amendment Rights.

24. Plaintiff told F.S.S Williamson and Deputy Warden Parker that O.D.O.C. Agency Chaplin Leo Brown is supposed to make dure that all food served during Passover/feast of unleavened bread is in fact Kosher for Passover as he is in control of all aspects of all religious policy/actions taken by the Oklahoma Department of Corrections.

25. Plaintiff brought this same claim in W.D. OK Case NO:C1V-19-766-J, but that Court ruled plaintiff failed to exhaust his administrative remedies for this claim. So, the state was placed on Notice of this Constitutional Violation as far back as 2019.

26. Plaintiff was placed into a "Hobson's Choice" of eating Grains that were leavened or starve. Plaintiff knew not to eat those foods and was forced, because of hunger, to eat fish that was Kosher, but not Kosher for Passover, to make up for the food he could not eat. There fore forcing Plaintiff to violate his 1st Amendment right to Practice his religion of Judaism by receiving what the 10th circuit calls a diet that conforms to a prisoner's sincerely held religious beliefs.

27. Defendants Williamson, Parker, and Brown's Actions violated this Plaintiff's 1st Amendment Right of the U.S. Constitution.

28. The Defendants action also violated this Plaintiff's State Constitutional Rights under Oklahoma Constitution of the State of Oklahoma Article 1, section 2 and the Oklahoma Religious Freedom Act see OK State title 51 251,256.

## INJUNCTIVE RELIEF UNDER RLUIPA AND OKLAHOMA RELIGIOUS FREEDOM ACT

29. Plaintiff requests Injunctive Relief under the RLUIPA so as Plaintiff can receive a diet that is consistent with his sincerely held belief so their will not be a substantial burden on the Practice of his Religion.

30. Plaintiff request Relief under the O.R.F.A. as the Court can, and a jury will set out in damages under O.S. title 51 256 (A) and (B).

## PREVIOUS LAWSUITS

31.
    a. W.D. OK – C1V-14-88-C Violation of 1st Amendment & RLUIPA dismissed for failure to exhaust admin Remedies.
    b. W.D. OK-C1V-14-653-C Violation of due process in a write up. Voluntarily dismissed by Plaintiff.
    c. W.D. OK-C1V-16-461-C Violation of 1st Amendment and RLUIPA settled.
    d. W.D. OK-C1V-19-766-J Violation of 1st Amendment & RLUIPA- settled.
    e. E.D. OK- C1V-21-245-JFH Violation of 1st Amendment and RLUIPA – settled.

## DAMAGES

32. Plaintiff Requests the following damages and Injunctive and Declaratory Relief.

    a. Compensatory damages as a Jury would see fit.
    b. Nominal damages as a Jury would see fit.
    c. Punitive damages as a Jury would see fit.
    d. Injunctive relief as the Court would see fit to give.
    e. Declaratory Judgement that Plaintiff rights were violated.
    f. Cost to bring said Claims in Federal Court including filing fees, postage, copies, process services, deposition costs, travel expenses, phone calls, attorney visits, and attorney fees.

Respectfully Submitted,

*/s/ Chad William Reed*

Chad William Reed, #584428
S-H-2-5
L.A.R.C.
P.O. BOX 260
LEXINGTON, OK 73051

(5)

I DECLARE UNDER PENALTY OF PURGERY THAT UNDER THE LAWS OF THIS UNITED STATES OF AMERICA, THAT THE FOREGOING IS TRUE AND CORRECT 28 USC§1746, 18 USC §1621.

_Chad Willin Reed_     11-6-2023
Affiant                Date

I SWEAR UNDER PENALTY OF PERJURY THAT THE FORGOING DOCUMENT WAS PLACED INTO THE PRISON MAIL SYSTEM, LEGAL MAIL ON _11-6-23_ USC §1746, 18 USC §1621.

_Chad Willin Reed_     11-6-2023
Affiant                Date

(6)

## CERTIFICATE OF MAILING AND SERVICE

I hereby certify that on this _6_ day of _November_ 2023, I mailed a true and correct copy of the foregoing, via the U. S. Mail, first class postage pre-paid, through the established prison legal mailing system to:

> United States Court Clerk
> Western District of Oklahoma
> United States Courthouse
> 200 N.W. 4th Street, RM 1210
>
> Oklahoma City,
> Oklahoma
> 73102

_Chad William Reed_
Chad William Reed
DOC # 584428
L.A.R.C. / L.C.C.
P.O. Box 260
Lexington, OK 73051

2