IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD WILLIAM REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: CIV-23-1011-J |
| | ) |
| RON LINDSEY, TAYLOR WILLIAMS, | ) |
| TASHA PARKER, LEO BROWN, AND | ) |
| THE OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Oklahoma Department of Corrections ("ODOC"), Ron Lindsey ("Lindsey"), Taylor Williams ("Williams"), Tasha Parker ("Parker"), and Leo Brown ("Brown")[1] (collectively "individual defendants"), hereby submit their Reply to Plaintiff's Objection [Doc. 19] to Defendant's Motion to Dismiss [Doc 17]. In further support of this Reply, Defendants show the following:

**1. PLAINTIFF'S ATTEMPTED AMENDMENTS ARE INAPPROPRIATE.**

Plaintiff now claims that prison officials interfered with the grievance process and speculates that prison officials interfered with his mail (specifically the certified mail regarding service of process in this case). [Doc. 19 at p. 3-5; 8] This is inappropriate. "The

---

[1] In his Complaint, Plaintiff names individual defendants Ron Lindsey, Taylor Williams, Tasha Parker, and Leo Brown. However, at this time, none of the individual defendants have been properly served with the Complaint as outlined in Defendant's Motion to Dismiss [Doc. 17].

1

Court cannot rely on new arguments or facts raised in a response in ruling on a motion to dismiss." *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2022 WL 19073972, at *10 n.7 (W.D. Okla. Oct. 19, 2022) (citing *McDonald v. Citibank N.A.*, No. 21-cv-00427-PAB-NRN, 2021 WL 5736437, at *9 (D. Colo. Dec. 2, 2021) ("A plaintiff [] may not amend his complaint in a response to a defendant's motion to dismiss."). As such, the Court may only consider factual allegations and legal claims asserted in Plaintiff's Complaint [Doc. 1], which does not contain allegations regarding prison officials thwarting his ability to exhaust administrative remedies or his access to mail.

## 2. PLAINTIFF HAS NOT SHOWN UNAVAILABILITY OF ADMINISTRATIVE REMEDIES.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot sue concerning prison conditions without first exhausting all available administrative remedies. 42 U.S.C. §1997e(a); *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Exhaustion is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Booth*, 532 U.S. at 741. Administrative remedies are unavailable if prison officials are "unable or consistently unwilling to provide any relief" or if they "thwart inmates from taking advantage of a grievance process." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016).

Plaintiff attempts to excuse his failure to exhaust administrative remedies regarding his Fast of Esther 2023 claim by alleging that Prison officials interfered with the grievance process. [Doc 19 at p. 8]. Plaintiff makes an assortment of claims regarding his attempt to exhaust (which, as explained above, were not contained within his Complaint). Plaintiff

2

alleges that he was denied access to his grievance, that the Administrative Review Authority "lie[d] and said [he] attached something to the Grievance Appeal," and that the mail room supervisor interfered with his mail and caused the grievance to be late. *Id.* at p. 3-5.

Beyond blank accusations, Plaintiff has alleged no action by ODOC or any of the individual Defendants that would support a claim of thwarted efforts at exhaustion. Plaintiff's conclusory statements in this regard are not only unsupported in his Complaint [Doc. 1] (in fact, they are not even mentioned at all within his Complaint), but also contradicted in ODOC's Special Report [Doc. 14], documenting Plaintiff's improperly submitted grievances. [Doc. 14-16 at p. 2-15].

The PLRA's exhaustion requirement is mandatory, and courts are not authorized to dispense with it. *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Accordingly, Plaintiff did not exhaust available administrative remedies on any of his claims against ODOC or the individual Defendants. [Doc. 14-18 at p. 2].

**3. PLAINTIFF HAS FAILED TO PROPERLY AND TIMELY EFFECTUATE SERVICE ON ALL INDIVIDUAL DEFENDANTS.**

Plaintiff bears the burden of establishing the validity of service of process. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In Plaintiff's Objection [Doc. 19], he offers only conclusory statements that he has completed service and speculative theories on why the individual defendants did not receive service. Plaintiff does not meet his burden establishing validity or proof of service of process here, because he failed to do so. Plaintiff has not served a single individually named Defendant

3

in this matter. Nor has Plaintiff shown any good cause for the failure to effectuate service upon any of the individually named defendants. Plaintiff's Complaint should accordingly be dismissed in regard to the individual defendants for failure to timely effectuate service.

## 4. ODOC AND INDIVIDUALLY NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.

Plaintiff argues that ODOC and the individually sued Defendants are not immune from suit under the Eleventh Amendment because "prospective injunctive relief on grounds that it violate[s] RLUIPA" may be brought against prison officials in their official capacities. [Doc. 19 at p. 2]. Plaintiff's arguments here must fail. Neither States nor their agencies (ODOC), nor officers sued officially, are "persons" under 42 U.S.C. § 1983, and therefore, they cannot be sued under that statute for money damages. *Will v. Michigan State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *See also Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)(stating that suits for damages against states should be dismissed because the states are not persons under § 1983, and because the states are protected by the Eleventh Amendment, any constitutional problem that may exist is subordinate to the statutory deficiency). Plaintiff's claims for money damages against the state are therefore barred by the Eleventh amendment and must be dismissed.

The Supreme Court has recognized a narrow exception to Eleventh Amendment where a plaintiff seeks prospective enforcement of his federal rights to prevent a continuing violation of federal law. *Ex parte Young*, 209 U.S. 123, 155-56, 159-60 (1908). Such actions challenging the conduct of a state officer enforcing state law are not suits against the state itself. *Green v. Mansour*, 474 U.S. 64, 68 (1985). However, Plaintiff has failed to

sufficiently plead any facts that would implicate the *Ex parte Young* doctrine. As more fully explained in Propositions IV and VII of Defendant's Motion to Dismiss [Doc. 14], Plaintiff has not alleged any conduct by any named Defendant that constitutes a violation of federal law. Accordingly, Plaintiff's claims do not implicate the *Ex parte Young* doctrine and Eleventh Amendment immunity applies to shield Defendants from suit in their official capacity. Therefore, the Court must dismiss Plaintiff's claims.

**5. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

Once a public official asserts qualified immunity, the burden shifts to the Plaintiff to prove: 1) a constitutional right was violated and 2) that the alleged violation infringed upon a clearly established right. *Callahan v. Millard County*, 494 F.3d 891 (10th Cir. 1997). Relying on generalizations or the broad history of a constitutional amendment or statute is insufficient for determining that a right is clearly established. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074 (2011). Plaintiff seems to argue that Defendants are not entitled to Qualified Immunity based on the First and Fourteenth Amendment. Plaintiff also argues that ODOC Policy OP 070202 Attachment A creates a constitutional right that was clearly established. However, it is well settled that creation of a prison policy does not, in and of itself, create a constitutional right to that procedure or its implementation in any particular manner. *Sandin v. Conner*, 515 U.S. 472, 482 (1995). Stated another way, ODOC policies do not confer any additional rights greater than those authorized by statute or the Constitution. *Id*. Further, Plaintiff's Complaint [Doc. 1] fails to show Defendants violated Plaintiff's First and Fourteenth amendment rights by denying him a sack lunch during the 2023 Fast of Esther and allegedly serving him non-Kosher food. Plaintiff's Objection [Doc.

19] does not establish that receiving a sack lunch for every fast is a constitutional right, nor does Plaintiff offer any facts that Defendants were put on notice that their conduct was unconstitutional besides Plaintiff's own conclusory statements that Defendants were aware of ODOC policy, were aware of Plaintiff's own previous lawsuits, and showed Defendant Lindsey a "religious calendar."[2] With no constitutional violation, there can be no liability. Here, Defendants are entitled to qualified immunity, and the claims against them should be dismissed.

## 6. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF.

For reasons set forth at Proposition IV of Defendant's Motion to Dismiss [Doc. 17], Plaintiff has failed to state a claim for a constitutional violation against Defendants. Plaintiff's conclusory statements within his Objection [Doc. 19 at p.18] are insufficient under *Iqbal* and *Twombly* to show that he is entitled to the Injunctive relief he is seeking. Since there is no ongoing constitutional violation, Plaintiff's request for injunctive relief must accordingly be denied. *Green v. Mansour*, 474 U.S. 64 (1985).

## CONCLUSION

For the reasons set forth above and arguments made in Defendants Motion to Dismiss [Doc. 17], Defendants respectfully request Plaintiff's Complaint be dismissed in its entirety.

---

[2] Yet again, Plaintiff has offered a claim that was not presented in his Complaint. Plaintiff never mentioned showing a Religious Calendar to Defendant Lindsey, nor did he claim that the Fast of Esther was for multiple days. "The Court cannot rely on new arguments or facts raised in a response in ruling on a motion to dismiss." *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2022 WL 19073972, at *10 n.7 (W.D. Okla. Oct. 19, 2022)

Respectfully submitted,

  /s/ *Breanna C. Glover*
**BREANNA C. GLOVER, OBA # 35617**
**LEXIE P. NORWOOD, OBA # 31414**
Assistant Attorney General
**OKLAHOMA ATTORNEY GENERAL**
Litigation Unit
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: 405-521-3921
Email: breanna.glover@oag.ok.gov
Email: lexie.norwood@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2024, a true and correct copy of the above and foregoing was sent via U.S. mail, postage prepaid to:

**CHAD WILLIAM REED #584428**
**LEXINGTON ASSESSMENT AND RECEPTION CENTER**
P.O. Box 260
Lexington, Oklahoma 73051

  /s/ *Breanna C. Glover*
Breanna C. Glover